

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Roy Loventhal, Chairman,
Livestock Sanitary Commission
W. T. Waggoner Building
Fort Worth, Texas

Dear Sir:

Opinion No. O-1272
Re: Appropriation--(a) traveling expenses to con-
ventions; (b) availability of funds accruing
in a previous quarter of the fiscal year, for
use of department in subsequent quarter; (c)
authority of department, with consent of Board,
to use moneys appropriated for one item for
another item of expense to be incurred by the
department; (d) authority of department to use
savings effected in expenditures for particu-
lar items for which definite sums are appro-
priated by the Legislature, for purposes other
than those for which they were appropriated.

We have your letter of August 15, 1939, requesting
the opinion of this department upon several questions relating
to the appropriation made by the Legislature at its Regular
Session, for your department.

Your first two questions are as follows:

"QUESTION # 1. Will it be permissible for
the members of this Department and a limited number
of its employees to be reimbursed out of the travel-
ing expenses appropriated to the Livestock Sanitary
Commission when attending meetings called by the
Chairman in towns or cities in Texas at a point
where a committee or conference of representative
stockmen meet in called regular or annual session?"

"QUESTION # 2. Will it be permissible for
members and representatives of this Department to
be reimbursed from the regular appropriation for

Hon. Roy Loventhal, Page 2

traveling expenses allotted this Department for
expenses in attending national or state meetings
of livestock sanitary officials at points outside
of this State?"

In the General Rider to the General Appropriation
Bill, under the heading "Traveling Expenses," we find the
last paragraph of Section (c) providing:

"No moneys herein appropriated shall ever
be spent to pay the traveling expenses of any
State employee to any type of convention within
this State or without the State."

Subdivision (j) under the same heading of "Travel-
ing Expenses," provides as follows:

"Except as otherwise specifically exempted, the
provisions of this Act shall also apply to depart-
ment heads and members of commissions."

We find no provision of the appropriation bill
exempting the department heads or members of the Livestock
Sanitary Commission from the provisions of the general rider
above referred to.

With respect to your Question No. 1, you are ad-
vised that, in our opinion, members of your department and
employees thereof may not be reimbursed out of traveling
expenses for expenses incurred in attending meetings called
by the Chairman in towns or cities in Texas at a point where
a committee or conference of representative stockmen meet
in called regular or annual session, if the prime purpose
of calling such meeting at such point and time be to enable
the members and employees of the department to attend such
convention or meeting of representative stockmen at State
expense.

In answering your first, as well as your second
question, we attribute to the word "convention", as used in
the provision of the rider quoted above, its usual and common
meaning, as found in Webster's New International Dictionary,
to-wit, "a body or assembly of persons meeting for some com-
mon purpose." It seems to us that no broader prohibition

Hon. Roy Loventhal, Page 3

might have been made by the Legislature than the phrase "any type of convention within the State or without the State."

In answer to ycur second question, you are advised that it will not be permissible for members and representatives of your department to be reimbursed from the regular appropriation for traveling expenses allotted your department, for expenses incurred in attending national or state meetings of livestock sanitary officials at points outside of this St te. Such meetings are clearly included in the phrase "any type of convention." However advisable it may seem to be that members from your department attend the annual meeting of the National Livestock Association, or meetings of other organizations of a similar character, it is apparent that the Legislature has determined that such conferences or conventions shall not be attended by State officials at the State's expense.

With the wisdom of such a provision, this department has nothing to do. The prohibition above quoted is clear and explicit, and there is no room for construction.

Your third question reads as follows:

"QUESTION #3. Will it be permissible for this Department to expend money that accrued in a previous quarter of the fiscal year for salaries or any other item provided the total expenditure does not exceed the total amount allotted it on any of its items?"

Your fourth question reads as follows:

"QUESTION #4. Will it be permissible for this Department, with the consent of the Governor, Attorney General and State Treasurer, to transfer an appropriation for any item to the credit of another item where in the opinion of this Department the expenditure will prove more beneficial to our work?"

Your fifth question reads as follows:

Hon. Roy Loventhal, Page 4

"QUESTION #5. Will it be permissible to pay our County Supervisors the maximum salary of $115.00 per month and the local inspectors $100.00 or less per month with the understanding that we employ some 5 or 6 employees in addition to the 55 as outlined in the appropriation bill?"

If we understand correctly your third, fourth and fifth questions, they all involve, substantially, this one inquiry: If, by economical and efficient management, your department effects a saving, by spending less for a particular item than the amount provided in the appropriation bill, may that saving, if necessary, be used by your Department to defray other proper expenses of the Department for which an insufficient amount is available by way of appropriation.

It is quite clear that such saving cannot be used for the purpose of supplementing the amount provided by the Legislature for traveling expenses for your department, in any event. Subdivision (a) of the subject "traveling expenses" in the general rider to the general appropriation bill provides as follows:

"It is provided that no expenditure shall be made for traveling expenses by any department of this State in excess of the amount of money itemized herein for said purpose. This provision shall be applicable whether the item for traveling expenses is to be paid out of the appropriation from the General Fund, from fees, receipts or special funds collected by virtue of certain laws of this State, or from other funds (exclusive of Federal Funds) available for use by a department."

The appropriation for your department is made from the General Fund. In order to determine whether any savings effected by you may be used to defray the costs of other services or expenses of your department, other than traveling expenses, it is necessary to examine the appropriation bill at some length. Section 1 thereof reads as follows:

"That the several sums of money herein specified or so much thereof as may be necessary, are hereby appropriated out of any moneys

Hon. Roy Loventhal, Page 5.

in the State Treasury not otherwise appropriated,
..."

Under the heading "Salary and Other Provisions,"
in the General Rider to the General Appropriation Bill, we
find the following:

"(a) All annual salaries shall be paid in
twelve equal monthly installments, unless other-
wise provided herein.
(b) The appropriations herein provided are
to be construed as the maximum sums to be appro-
priated to and for the several purposes named
herein, and the amounts are intended to cover and
shall cover the entire cost of the respective items
and the same shall not be supplemented from any other
source; and, except as otherwise provided, no other
expenditures shall be made, nor shall any other
obligations be incurred by any department of this
State, provided, however, that nothing herein shall
prevent any department head from paying less than
the maximum amount set forth herein for any salaried
position."

The "limitation of payments" clause of the General
Rider to the General Appropriation Bill provides in part as
follows:

"Except as otherwise provided, whenever, by
virtue of the provisions of this Act, items are
to be paid out of fees, receipts, special funds
or out of other funds available for use by a depart-
ment, it is the intention of the Legislature to
limit expenditures out of said fees, receipts,
special funds or other available funds to the pur-
poses and in the amounts itemized herein, and it
is so provided. If, however, the amount of the
fees, receipts, special or other available funds
herein referred to are more than sufficient to pay
the items herein designated to be paid therefrom,
the department to which the said fees, receipts,
special funds or other available funds are appro-
priated may, if necessary to adequately perform
the functions of said department, use any portion
of said surplus fees, receipts, special funds or
other available funds; ..."

Hon. Roy Loventhal, Page 6

This clause continues by requiring that, before doing so, the head of such department shall obtain the approval of the Board, consisting of the Governor, the Attorney General and the State Treasurer, to the expenditure of such "surplus" fees, receipts, special funds or other available funds.

This is the only portion of the appropriation bill which might in any manner authorize the use of a surplus created by a saving in the amount expended for a particular purpose for which a specified fund is made available by appropriation. Since the appropriations for your department are made out of the General Fund, it is apparent that they do not fall within the category of fees, receipts, or special funds. It remains, therefore, to determine whether the Legislature, in the limitation of payments clause, intended the term "other available funds" to include amounts appropriated from the General Fund.

By reference to the first section of the appropriation bill, quoted above, it is to be noted that the Legislature has not, in respect to items appropriated out of the General Fund, appropriated a definite sum of money to be available at all events, but has appropriated only so much as may be necessary to accomplish the desired purpose, with a maximum amount fixed for that particular purpose. And in referring again to subdivision (a) of the portion of the General Rider relating to traveling expenses, it will be observed that the Legislature in the second sentence thereof has recognized three types of appropriations: (1) from the General Fund, (2) from fees, receipts or special funds collected by virtue of certain laws of this State, and (3) from other funds available for use by a department.

It did not here treat "other available funds" as including funds made available by appropriations from the General Fund, but found it necessary to mention appropriations from the General Fund specifically. Likewise, under the heading "Salary Payments" in the General Rider, we find the appropriations from the General Fund set up as a separate and distinct classification, when the Legislature states:

"Each department head shall number consecutively the salaried positions in his department

for which an appropriation is made herein (either
out of the General Revenue Fund, fees, receipts,
special funds or out of other funds available
for use by said department) . . ."

Since the Legislature placed this limited con-
struction upon the term "other available funds" in these
sections of the General Rider, we must presume that it
intended the same limited meaning to be ascribed to the
term when it used it in the "Limitation of Payments"
clause of the same rider.

Furthermore, applying the rule of statutory
construction that, where general words follow the enumera-
tion of specific items, the general words are to be con-
strued as including only things of the same class as those
specifically mentioned, the term "other available funds",
as used in the limitation of payments clause, is to be
construed as including only those funds dedicated or
devoted by statute to the use of a particular department
of the State Government.

For these reasons, we answer your third and
fourth questions in the negative.

In answer to your fifth question, you are advised
that the appropriation bill specifically permits you to
pay less than the maximum amount set forth in your appro-
priation for any salaried position, but the saving which
you may thus effect will not be available for your use
in employing and paying other employees in addition to
those itemized in the appropriation bill.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _R. W. Fairchild_
R. W. Fairchild
Assistant

RWF:pbp

APPROVED SEP 7, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN